United States District Court
Southern District of Texas
**ENTERED**
November 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH RAYE REED, (TDCJ #02442737), | § § § | |
| *Petitioner*, | § § | |
| vs. | § § | CIVIL ACTION NO. H-25-5143 |
| ERIC GUERRERO, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § | |
| *Respondent*. | § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Keith Raye Reed, (TDCJ #02442737), is currently incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division. He filed a petition and an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the structure of his state and federal criminal sentences. (Dkts. 1, 5). For the reasons explained below, the Court dismisses his petition without prejudice for lack of jurisdiction.

## I.   BACKGROUND

In August 2005, Reed was sentenced to 212 months in prison, followed by five years of supervised release, after a federal jury found him guilty of one count of felon in possession of a firearm as an armed career criminal. *See United States v. Reed*, Crim. No. 4:04-cr-429 (S.D. Tex. Aug. 22, 2005), at Dkt. 157. The judgment

is silent as to whether Reed's sentence was to run concurrently or consecutively to any subsequent state-court sentence, and there was no discussion of the issue at Reed's sentencing hearing. *Id.* at Dkts. 157, 197. Reed's judgment and sentence were affirmed on appeal. *See United States v. Reed*, 277 F. App'x 357 (5th Cir. 2008) (per curiam).

Reed was released from prison to supervised release in August 2019. In July 2020, while serving his term of federal supervised release, Reed was arrested on several state criminal charges and charged in Harris County Cause Number 1683086. *See* Inmate Search, https://inmate.tdcj.texas.gov (visited Nov. 21, 2025). In April 2023, Reed was convicted on the state charges and sentenced to a seven-year prison term. (Dkt. 5, p. 1). Reed alleges that the state court recommended that his state sentence be served concurrently with his remaining federal sentence. (*Id.* at 10). Reed is currently serving his state sentence at TDCJ's Terrell Unit in Rosharon, Texas. (*Id.* at 1). Court records do not show that Reed is in federal custody at this time, nor has his supervised release been revoked.

In his § 2241 petition, Reed asks this Court to amend his federal sentence "nunc pro tunc" to permit him to serve the remainder of his federal sentence concurrently with his later-imposed state prison sentence. (*Id.* at 6). He also asks this Court to order the federal Bureau of Prisons to permit him to serve the remainder of his federal sentence in state prison. (*Id.*).

## II.   **DISCUSSION**

A district court has no authority to give an inmate credit for time already served or to otherwise administer his sentence.  Instead, the authority to administer a federal criminal sentence lies with the United States Attorney General, through the Bureau of Prisons.  *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Aparicio,* 963 F.3d 470, 477 (5th Cir. 2020) (quoting *Leal v. Tombone,* 341 F.3d 427, 428 (5th Cir. 2003)).  Once the BOP makes a decision regarding a sentence calculation, that decision is subject to judicial review.  *See Barden v. Keohane*, 921 F.2d 476, 478 (5th Cir. 1990).  But until the BOP makes a final decision with respect to a request regarding a sentence calculation, the prisoner cannot challenge the administration of his sentence in federal court.  *See, e.g., Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (per curiam); *see also Wilson*, 503 U.S. at 335 (noting that a prisoner must exhaust all available administrative remedies through the BOP before litigating the computation of his sentence in federal court).  Before the BOP makes a final decision, the claim is not ripe for review and must be dismissed for lack of jurisdiction.  *See Pierce,* 614 F.3d at 160.

In this case, administrative remedies are available to address Reed's request through the BOP.  "Under the BOP's *nunc pro tunc* designation procedure set forth in [BOP Program Statement] BOPPS 5160.05, 'where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served

3/5

in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence.'" *United States v. Jack*, 566 F. App'x 331, 332 (5th Cir. 2014) (per curiam) (quoting *Pierce*, 614 F.3d at 160). BOPPS 5160.05 provides that an inmate "may request a *nunc pro tunc* (*i.e.*, occurring now as though it had occurred in the past) designation" listing a state institution as his place of confinement, and "the Bureau must consider an inmate's request." BOPPS 5160.05 § 9(b)(4). While a "district court has no authority under BOPPS 5160.05 to make a *nunc pro tunc* designation, [ ] it may review a challenge to the BOP's refusal to make such a designation in a § 2241 petition." *Jack*, 566 F. App'x at 332; *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (providing that a writ of habeas corpus under § 2241 is the appropriate vehicle to attack prison authorities' determination of a sentence's duration).

In his petition, Reed does not allege that he has applied for a sentence determination under the BOP's *nunc pro tunc* designation procedure, nor does he allege that BOP has made a ruling on any such application. Until such time as Reed has exhausted these available administrative remedies with the BOP, his claim concerning the structure of his sentences is not ripe for review. His petition for writ of habeas corpus is premature and must be dismissed for lack of jurisdiction.

## III.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

4/5

1.     Petitioner Keith Raye Reed's petition for writ of habeas corpus, (Dkt.

1), is **DISMISSED without prejudice** for lack of jurisdiction.

2.     If Reed wishes to pursue this petition after exhausting his remedies with

the BOP, he must file a motion to reinstate **within thirty (30) days** of the BOP's

final decision.

3.     Reed is **ADVISED** that any challenge to the BOP's calculation of his

sentencing credit must be filed in the district where he is incarcerated when he files

his petition. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

4.     A certificate of appealability is **DENIED as unnecessary**. *Hunter v.*

*Tamez*, 622 F.3d 427, 430 (5th Cir. 2010).

The Clerk of Court shall provide a copy of this order to the petitioner.

SIGNED at Houston, Texas on _____Nov 24_____, 2025.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE